UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| In re: Receivership Estate of Mann Bracken, LLP,<br><br>                Plaintiff,<br><br>vs.<br><br>J. Michael Cline, Accretive, LLC, Madhu Tadikonda, Agora Fund I, GP, LLC, Agora Fund I, LP, Agora Fund I Coinvestment Partners, LLC, Agora Fund I Holding Partners, and Axiant, LLC,<br><br>                Defendants. | Civil Action No.  356867V<br><br>Consolidated with Civil Action No. 327646-V |

## DEFENDANTS J. MICHAEL CLINE, ACCRETIVE, LLC, MADHU TADIKONDA, AGORA FUND I, GP, LLC, AGORA FUND I, LP, AGORA FUND I COINVESTMENT PARTNERS, LLC, AND AGORA FUND I HOLDING PARTNERS' <u>NOTICE OF REMOVAL</u>

NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants J. Michael Cline, Accretive, LLC, Madhu Tadikonda, Agora Fund I, GP, LLC, Agora Fund I, LP, Agora Fund I Coinvestment Partners, LLC, and Agora Fund I Holding Partners (collectively, the "Accretive Defendants") remove to this Court the state court action described below because the state court action brings claims under laws of the United States, there is complete diversity among the parties, and the amount in controversy exceeds $75,000.

### The State Court Action

1. On December 27, 2011, Cheryl E. Rose, in her official capacity as receiver of Mann Bracken, LLP (the "Receiver"), filed Plaintiff's Complaint styled as *In re: Receivership Estate of Mann Bracken, LLP v. J. Michael Cline, Accretive, LLC, Madhu Tadikonda, Agora Fund I, GP, LLC, Agora Fund I, LP, Agora Fund I Coinvestment Partners, LLC, Agora Fund I*

*Holding Partners, and Axiant, LLC*, Case No. V356867, in the Circuit Court for Montgomery County, Maryland (the "State Court Action").

2. At the same time, the Receiver filed a motion to consolidate the newly-filed State Court Action with Case No. 327646-V, the action appointing Ms. Rose as receiver of Mann Bracken, LLP that was filed on February 25, 2010 in the Circuit Court for Montgomery County, Maryland (the "Receivership Action"). The Accretive Defendants are not parties to the Receivership Action. On January 13, 2012, before the Accretive Defendants filed an opposition to the motion to consolidate or appeared in or answered the State Court Action, Circuit Court Judge Ronald B. Rubin ordered the State Court Action consolidated with the Receivership Action.[1]

3. Defendants Agora Fund I, GP, LLC, Agora Fund I, LP, Agora Fund I Coinvestment Partners, LLC, and Agora Fund I Holding Partners (collectively, the "Agora Defendants") and Accretive, LLC, (together with the Agora Defendants, the "Accretive Corporate Defendants") were served with a Summons and a copy of the Complaint through their registered agent on December 29, 2011. Defendants J. Michael Cline and Madhu Tadikonda (together, the "Accretive Individual Defendants") were served with a Summons and a copy of the Complaint through the undersigned counsel on January 6, 2012. Thirty days have not elapsed since the Accretive Defendants were served with a copy of Plaintiff's Complaint, and therefore this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. The Chapter 7 Trustee of defendant Axiant, LLC's bankruptcy estate consents to the removal of the State Court Action.

---

[1] Because the Accretive Defendants were served with the complaint outside of Maryland, the Accretive Defendants' deadline to respond to the motion to consolidate is February 27, 2012. Md. Rule 2311(b).

5.      As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, documents and orders which have been served upon the Accretive Defendants in the State Court Action, including a copy of the Complaint and Plaintiff's Motion to Consolidate This Case With No. 327646V, are attached as Exhibit A.

6.      The Accretive Defendants will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court for Montgomery County, Maryland.

**Jurisdiction and Venue**

7.      This Court has federal question jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the Complaint brings two claims arising under federal mail and wire fraud laws, 18 U.S.C. §§ 1341, 1343, and under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c)-(d).

8.      This Court also has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and there was complete diversity of citizenship between Plaintiff and all defendants, including the Accretive Defendants, in the State Court Action at the time it was filed. As Plaintiff alleges in the Complaint, Plaintiff is the Receiver of Mann Bracken, LLP, a Delaware Limited Liability Partnership that is qualified to do business in Maryland, and which had its principal office located in Rockville, Maryland prior to entering receivership. Madhu Tadikonda is a citizen of New York, and the Agora Defendants are all Delaware companies. While the Receiver alleges that Accretive, LLC is a New York limited liability company and that J. Michael Cline is a resident of Connecticut, Accretive LLC is actually a Delaware limited liability company and J. Michael Cline a New York resident. Moreover, none of the Accretive Corporate Defendants maintains a principal place of business in Maryland. Although Plaintiff does not allege the state in which Axiant, LLC was registered,

Plaintiff alleges that Axiant is currently a debtor in bankruptcy that sought protection under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. Axiant, LLC is actually a Delaware limited liability company that was headquartered in Huntersville, North Carolina until it ceased doing business in 2009.

9. The amount in controversy exceeds $75,000. The Complaint contains ten claims. Plaintiff has demanded an amount not less than $9,000,000 for six counts and demanded not less than $50,000,000 for four counts. Plaintiff has also demanded punitive damages.

10. Because the Complaint brings claims arising under federal law, this Court has jurisdiction under 28 U.S.C. § 1331 and this action is removable under 28 U.S.C. § 1441(c).

11. Because the Accretive Defendants and Axiant, LLC are diverse from Plaintiff and the amount in controversy exceeds $75,000, this Court has jurisdiction under 28 U.S.C. § 1332(a) and this action is removable under 28 U.S.C. § 1441(b).

12. The Receivership Action is not removable on its own, nor did it become removable through consolidation with the State Court Action because Judge Rubin's order did not consolidate the State Court Action and the Receivership Action for all future purposes. *See Payne v. Merrill Lynch, Pierce, Fenner And Smith, Inc.*, 75 Fed. Appx. 903 (4th Cir. 2003)(each consolidated case must be considered separately); *In re Methyl Tertiary Butyl Ether (""MTBE") Prods. Liab. Litig.*, 399 F. Supp. 2d 340, 353-54 (S.D.N.Y. 2005) (interpreting Maryland law and finding consolidation does not merge two cases into one absent unequivocal intent to do so).

13. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed State Court Action is pending.

## Conclusion

The Accretive Defendants respectfully request that this Court exercise jurisdiction over this action to the exclusion of further proceedings in the state court from which this action was removed and proceed as if this action had been originally filed in this Court.

Dated: January 30, 2012

DEWEY & LEBOEUF LLP

By: *[signature]*
Mark Walsh (Maryland Bar No. 17706)
1101 New York Avenue, N.W., Suite 1100
Washington, D.C. 20005
Tel. (202) 346-8000
Fax (202) 346-8102

*Attorneys for Defendants J. Michael Cline, Accretive, LLC, Madhu Tadikonda, Agora Fund I, GP, LLC, Agora Fund I, LP, Agora Fund I Coinvestment Partners, LLC, and Agora Fund I Holding Partners*