## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| **RECEIVERSHIP ESTATE OF MANN** | | |
| **BRACKEN, LLP,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: RWT 12cv292 |
| | * | |
| **J. MICHAEL CLINE,** *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM OPINION

Plaintiff ("Mann Bracken") is the receivership estate of the former debt collection law firm Mann Bracken, LLP.  On December 27, 2011, Mann Bracken filed this action in the Circuit Court for Montgomery County, Maryland.  The ten-count Complaint contains the following claims: fraudulent concealment, conspiracy to commit fraudulent concealment, aiding and abetting fraudulent concealment, violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961 *et seq*.), tortious interference with business relationships, unjust enrichment, fraud, conspiracy to commit fraud, and aiding and abetting fraud.

On January 30, 2012, Defendants removed the case to this Court.  Doc. No. 1.  On February 6 and February 13, 2012, Defendants filed motions to dismiss.  Doc. Nos. 14, 22.  On March 14, 2012, Mann Bracken filed an opposition to both motions, Doc. No. 30, to which the Defendants replied on April 2, 2012.  Doc. No. 35.

On February 28, 2012, Mann Bracken filed a motion to remand to state court.  Doc. No. 26.  On March 16, 2012, Defendants filed their opposition to the motion to remand, Doc. No. 31, to which Mann Bracken replied on April 2, 2012.  Doc. No. 35.

On June 19, 2012, the Court held a hearing on all pending motions.  For the reasons discussed below, the Court will grant Mann Bracken's motion to remand and will remand Defendants' motions to dismiss to the Circuit Court for Montgomery County for decision by that court.

## I.    Background

On or about February 25, 2010, Mann Bracken filed a verified petition for receivership ("Receivership Action") in the Circuit Court for Montgomery County.  Doc. No. 26 at 1.  The case was specially assigned to the Honorable Ronald B. Rubin, who has handled the matter since the filing.  *Id.*  On February 26, 2010, Judge Rubin appointed Cheryl Rose as the Receiver of Mann Bracken.  *Id.*  The Receiver has worked to wind-up the affairs of Mann Bracken while endeavoring to secure funds to satisfy the claims of Mann Bracken's creditors.  *Id.*

On December 27, 2011, Mann Bracken filed this action ("Cline Litigation") in the Circuit Court for Montgomery County.  On the same day, Mann Bracken also moved to consolidate the Receivership Action with the Cline Litigation.  In support of its motion to consolidate, the Receiver alleged that "[a]ll facts alleged in the Cline Litigation relate to the Receivership Action inasmuch as they seek damages for the conduct that was the proximate cause of Mann Bracken, LLP petitioning this Honorable Court for receivership action."  Doc. No. 26 at 2.  The motion to consolidate was served on all Defendants along with original process, with service on Accretive, Axiant, and the Agora Funds effected on December 29, 2011, and service on Messrs. Cline and Tadikonda effected on January 6, 2012.  *Id.*

On January 12, 2012, Judge Rubin entered an order consolidating the Cline Litigation with the Receivership Action.  After the cases were consolidated, the Cline Litigation file was closed by the Clerk of the Circuit Court for Montgomery County, and that court directed that all

further documents were to be filed in Case No. 327646-V (the Receivership Action).  On January 30, 2012, (two weeks after the order consolidating the cases), the Cline Defendants removed the consolidated case to this Court, which resulted in the Clerk of the Circuit Court for Montgomery County closing the Receivership Action in the Circuit Court in deference to the removal jurisdiction of this Court.

## II.    Standard of Review

### a.  Motion to Remand

On a motion to remand, a court must "'strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court.'"  *Stephens v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, 807 F. Supp. 2d 375, 378 (D. Md. 2011) (quoting *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701–02 (D. Md.1997)).  "The burden of establishing federal jurisdiction is placed upon the party seeking removal, and because of the 'significant federalism concerns' implicated by divesting a state court of jurisdiction, removal jurisdiction is strictly construed."  *Id.* (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).  "If federal jurisdiction is doubtful, a remand is necessary."  *Id.* (citation omitted).

## III.   Analysis

Mann Bracken argues that remand is appropriate because this Court does not have jurisdiction.  It maintains that, as a result of Judge Rubin's order consolidating the Cline Litigation and Receivership Action: (1) as to federal question jurisdiction, all of the Defendants did not consent to removal and (2) as to diversity jurisdiction, the Defendants failed to properly allege diversity of all parties in their notice of removal.  Defendants respond that the Circuit Court did not truly consolidate the state cases into one action.  Instead, they contend that because

the Cline Litigation is "separate" from the Receivership Action, removal was proper as to the Cline Litigation on the basis of federal question jurisdiction, and the consent of the parties in the Receivership Action was not necessary.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Robb Evans & Assocs. v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) *cert. denied,* 131 S. Ct. 924 (U.S. 2011) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "The burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Id.*

"A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims." *Stephens*, 807 F. Supp. 2d at 379 (citing 28 U.S.C. § 1441(a)-(c) (2006)).  "Federal courts have original jurisdiction over two kinds of civil actions—those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of different states." *Id.* (citing U.S. CONST. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a) (2006)).  "If a civil action is not based on a question of federal law, then a federal court may only exercise original jurisdiction based on diversity of citizenship." *Id.*  As the Supreme Court has noted, "[i]ncomplete diversity destroys original jurisdiction with respect to all claims." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 554 (2005).

"Federal courts are obliged to carefully scrutinize challenges to jurisdictional authority, and must do more than simply point jurisdictional traffic in the direction of state courts." *Stephens*, 807 F. Supp. 2d at 379 (citation omitted).  "The federal remand statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on

appeal or otherwise . . . .'"  *Id.* (quoting 28 U.S.C. § 1447(d)); *see Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914–15 (D. Md.1997) ("[A] district court should be cautious in denying defendants access to a federal forum because remand orders are generally unreviewable.").

### a. The Receivership Action and Cline Litigation Were Consolidated Into One Case for All Further Proceedings

The parties dispute the effect that Judge Rubin's consolidation order had on the two separate state cases.  Mann Bracken maintains that the order consolidated the Cline Litigation and the Receivership Action "without limitation."  Doc. No. 26 at 6.  Mann Bracken contends that "any question about what Judge Rubin intended must be addressed to Judge Rubin because [this Court] does not have jurisdiction over this non-removable case to reconsider or review the Circuit Court's order."  *Id.*  Defendants argue that the Cline Litigation "remained an independent cause of action" and that removal of the Cline Litigation "was entirely proper and did not require Judge Rubin to reconsider or vacate his order consolidating the cases."  Doc. No. 31 at 7.

The precise effect that consolidation pursuant to Maryland Rule 2-503[1] has on the

---

[1] Maryland Rule 2-503 provides:

> (a) Consolidation.
>
> (1) When Permitted. When actions involve a common question of law or fact or a common subject matter, the court, on motion or on its own initiative, may order a joint hearing or trial or consolidation of any or all of the claims, issues, or actions. An action instituted in the District Court may be consolidated with an action pending in a circuit court under the circumstances described in Code, Courts Article, § 6-104(b). The court may enter any order regulating the proceeding, including the filing and serving of papers, that will tend to avoid unnecessary costs or delay.
>
> (2) Verdict or Judgment. In the trial of a consolidated action, the court may direct that joint or separate verdicts or judgments be entered.
>
> (b) Separate Trials. In furtherance of convenience or to avoid prejudice, the court, on motion or on its own initiative, may order a separate trial of any claim, counterclaim, cross-claim, or third-party claim, or of any separate issue, or of any number of claims, counterclaims, cross-claims, third-party claims, or issues.

jurisdiction of a court in which a party seeks removal has not been addressed by the Maryland courts, this Court, or the Fourth Circuit.  However, the Southern District of New York addressed this issue in *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 399 F. Supp. 2d 340 (S.D.N.Y. 2005) ("*MTBE Products Liab. Litig.*") and held that, in order to excise jurisdiction over multiple state court cases subject to a consolidation order pursuant to Maryland Rule 2-503, a court must determine whether the judge's intent to consolidate the actions into a single case is clear.

The court observed that "[t]he effect of consolidation under Rule 2-503 has been considered most often in the context of appeals."[2]  *Id.* at 354.  In that instance, the question has been "whether consolidated actions should be treated as a single action for purposes of entry of judgment under Maryland Rule 2-602 when a judgment has only been reached in one case."  *Id.* The court found that "'unless the trial court clearly intends that a joint judgment be entered disposing of all the cases simultaneously,' cases that were consolidated under Rule 2-503 'are not to be treated as a single action for purposes of Rule 2-602.'"  *Id.* (quoting *Yarema v. Exxon Corp.*, 503 A.2d 239, 247 (Md. 1986)).  The Southern District of New York concluded, however, that the Court of Appeals of Maryland "implicitly acknowledged that cases may be consolidated into a single action where the intent of the judge to do so is clear."  *Id.* at 354-55.  The court adopted this standard and applied it to determining jurisdiction over consolidated cases in which a defendant seeks to remove the action to federal court.  This Court finds the analysis of the Southern District of New York persuasive.

---

[2] *See Cty. Comm'rs of Carroll Cty. v. Carroll Craft Retail*, 862 A.2d 404, 410 n.5 (Md. 2004) ("A judgment entered in one case, if otherwise final, does not lose its status as a final judgment because judgment has not been rendered in another case with which it had been consolidated. The judgment becomes appealable, as a final judgment, when it is properly entered."); *Cole v. State Farm Mut. Ins. Co.*, 753 A.2d 533, 536 n.5 (Md. 2000) (quotation omitted) ("[C]onsolidated cases are not to be treated as a single action for purposes of Md. Rule 2–602; instead, each one of the cases is to be treated as a separate action."); *Yarema v. Exxon Corp.*, 503 A.2d 239, 248 (Md. 1986) ("[U]nless the trial court clearly intends that a joint judgment be entered disposing of all cases simultaneously, consolidated cases are not to be treated as a single action for purposes of Rule 2-602; instead, each one of the cases is to be treated as a separate action.").

Other jurisdictions determining federal jurisdiction after consolidation of multiple state court cases support the Southern District of New York's holding.  *See, e.g., City of Oakland v. Abend*, Case No. 07-2142-EMC, 2007 WL 2023506, at *3 (N.D. Cal. July 12, 2007) ("If the cases were never consolidated, then the Court would not have jurisdiction over the City's lawsuit because no federal question was presented on the face of the City's complaint or amended complaint . . . . However, in the instant case, the two cases were consolidated, and there is case law that, 'under certain circumstances, where two actions are consolidated into a single action, state-ordered consolidation may affect jurisdiction and removal.' *In re MTBE Prods. Liability Litig.*, 399 F. Supp. 2d 340, 353 (S.D.N.Y. 2005).  For example, where a state consolidation order destroys the identity of each suit and merges them into one, then the consolidated case may potentially be removed if the consolidated case contains a claim over which removal is proper."); *Mendez v. Roman*, Case No. 05-CV-1257, 2006 WL 276976, at *2 n.1 (D. Conn. Feb. 2, 2006) ("The supplemental jurisdiction statute might permit me to exercise jurisdiction over the claims in the *Rojas* case if the Superior Court's consolidation order combined the two actions into one for purposes of jurisdiction.  *See* [*In re MTBE*] *Prods. Liab. Litig.*, 399 F. Supp. 2d 340, 353-55 (S.D.N.Y. 2005).  Based on the record before me, however, it appears that the cases retained their separate identities after consolidation, as contemplated by Practice Book § 9-5(c), which provides that files in consolidated cases must be 'maintained as separate files and all documents submitted by counsel or the parties must bear only the document number and case title of the file in which it is to be filed.'").

Judge Rubin's order consolidating the Receivership Action and the Cline Litigation fully consolidated the two cases into one.  Mann Bracken's motion to consolidate argued that, pursuant to Maryland Rule 2-503, "[t]he Cline Action involves claims arising in and closely

related to the Receivership Action.  It seeks compensation for actions of the various defendants in the creation, management, and sale of certain entities that resulted in the collapse of . . . Mann Bracken."   Case No. 327646V, Doc. No. 684 at 2.   Mann Bracken argued that "[b]y consolidating the Receivership Action with the Cline Litigation, th[e Circuit Court] will be able to resolve most efficiently all claims with Cline, the remaining defendants, and the Receivership."  *Id.* at 2-3.  Judge Rubin granted the motion, consolidated the Cline Litigation and Receivership Action, directed all filings to be filed in the Receivership Action, and closed the Cline Litigation.  *See* Case No. 356867V.

The Defendants' argument that Judge Rubin's order does not clearly consolidate the two cases into one action is not persuasive.  They maintain that "Judge Rubin entered the threadbare proposed order that the Mann Bracken Receiver drafted in connection with her Motion to Consolidate.  Judge Rubin's order bears no resemblance to the order in *MTBE Products Liability Litigation*, and nothing in his order suggests that the Receivership Action are [sic] now parties to the Cline Litigation."  Doc. No. 31 at 16.

In *MTBE Products Liability Litigation*, the Circuit Court judge "den[ied] plaintiffs' request to issue a new order stating that the cases were not consolidated as a single action.  He made it clear that he would eventually decide whether a class should be certified for both sets of plaintiffs."  399 F. Supp. 2d at 355.  In contrast, here the Defendants did not seek clarification from Judge Rubin.  Instead of addressing the issue of his consolidation order in state court, Defendants decided to challenge his order in federal court.  Judge Rubin's order to consolidate the Cline Litigation and Receivership Action indicates to this Court that Judge Rubin intended the cases to be consolidated, and they were, for all further proceedings. Had that not been his

intention, he clearly would not have closed the Cline Litigation and directed the filing of all new pleadings in the Receivership Action.[3]

**b. The Consolidated Cases Were Not Properly Removed on the Basis of Federal Question Jurisdiction**

Under 28 U.S.C. § 1446(b)(2)(A), "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal."  Here, Mann Bracken maintains that "[a]lthough the Defendants in the Cline Litigation either joined in or consented to the removal, the removing parties ignored the fact that the Consolidated Case included additional defendants who did not join in or consent to the removal."  Doc. No. 26 at 3.  Mann Bracken attaches two declarations of defendants to the Consolidated Case (from the Receivership Action) who were not consulted before the case was removed and who maintain that they affirmatively oppose the removal of the action.  *See id.* Ex. A ¶ 15; Ex. B ¶ 3.  Therefore, because Judge Rubin's order consolidated the Cline Litigation and the Receivership Action into one proceeding, this Court cannot exercise federal question jurisdiction over the removed action because all Defendants did not consent to removal.

**c. Defendants Have Failed to Demonstrate Complete Diversity of Parties**

Mann Bracken argues that this Court cannot exercise diversity jurisdiction over the case because the Defendants failed to properly plead the citizenship of each and every party to the action as is required by the party seeking to invoke this Court's jurisdiction.  Mann Bracken argues that the Defendants' Notice of Removal, Doc. No. 1, is defective "in that it fails to properly allege that the parties are completely diverse, which . . . leaves this Court with no

---

[3] The Maryland Rules Commentary supports this conclusion.  *See* P. Niemeyer and L. Schuett, Maryland Rules Commentary 364 (3d ed. 2003) ("More commonly, two or more entire cases are consolidated and treated as one for all subsequent proceedings at the trial level.  Discovery is consolidated; hearings on motions are consolidated; and all pleadings and papers filed thereafter are filed in one case.  This rule gives the court sufficient flexibility, in the interest of judicial economy, to combine issues, counts, or actions in any combination that is practical and fair in order to avoid the repetition of multiple trials.").

recourse other than to find that it cannot keep this case based on diversity."  Doc. No. 35 at 1.

Defendants do not directly address this argument because they maintain that the Cline Litigation

and the Receivership Action are not consolidated for all further proceedings, and the Cline

Litigation alone can be removed on the basis of federal question jurisdiction.

"It is well established that, for purposes of federal jurisdictional diversity of citizenship,

an LLC is not a corporation, and thus is not considered a citizen of its state of incorporation and

principal place of business, but instead shares the citizenship of its members."  *SunTrust Bank v.*

*Vill. at Fair Oaks Owner, LLC*, 766 F. Supp. 2d 686, 688 (E.D. Va. 2011).  28 U.S.C. §

1446(b)(1) requires that the notice of removal of a civil action to be filed within 30 days either

(1) "after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based" or (2)

"after the service of summons upon the defendant if such initial pleading has then been filed in

court and is not required to be served on the defendant, whichever period is shorter."  "Absent

unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege

affirmatively the actual citizenship of the relevant parties."  *Kanter v. Warner-Lambert Co.*, 265

F.3d 853, 857 (9th Cir. 2001).

For issues of imperfect jurisdictional allegations, there appears to be a "liberal" and

"strict constructionist" view of 28 U.S.C. § 1446(b)'s 30-day limitation period.  The liberal

approach generally allows for amendment that perfects a technically defective jurisdictional

allegation after the 30 day removal period.  The strict constructionist approach provides for a

"strict application of 28 U.S.C. § 1653, allowing amendment after 28 U.S.C. § 1446(b)'s thirty-

day statutory period for removal has elapsed 'only for the purpose of setting forth more

specifically grounds for removal which had been imperfectly stated in the original petition;

missing allegations may not be supplied nor new allegations furnished.'" *SunTrust Bank*, 766 F. Supp. 2d at 688 (quoting *Thompson v. Gillen*, 491 F. Supp. 24, 27 (E.D. Va. 1980)); *Barnhill v. Insurance Co. of North America*, 130 F.R.D. 46, 52 (D.S.C. 1990) ("[T]o allow defendant to now amend its Petition for Removal to include a new and proper allegation of jurisdiction would, in effect, allow defendant to vest in this court removal jurisdiction more than thirty days after service of and receipt by the defendant of the Complaint, which, of course, this Court cannot permit.") (quotation omitted); *see Saxon Fibers, LLC v. Wood*, 118 F. App'x. 750, 752 n.1 (4th Cir. 2005) (unpublished per curiam opinion) (allowing a defendant to correct an incorrect statement where jurisdiction already actually exists).

Policy reasons favor adopting the strict constructionist approach in this context, especially in light of the six months that have elapsed since the Defendants filed their Notice of Removal without seeking leave to amend.[4]  As discussed in *Barnhill*, the factors that support a strict application of the 30 day removal period include: "(1) preventing federal court infringement upon the rightful independence and sovereignty of state courts," "(2) ensuring that judgments obtained in a federal forum are not vacated on appeal due to improvident removal," "(3) reducing uncertainty as to the court's jurisdiction in the marginal cases, which a more liberal construction of the removal statute would promote," "(4) allowing amendment of the notice of removal under § 1653 after the thirty day time limit for removal specified in § 1446(b) would "substantially eviscerate" the specific time provision enacted by Congress," and "(5) conceding that the traditional justification for diversity jurisdiction—state court hostility toward nonresident defendants—has been significantly reduced since the time diversity jurisdiction was created." 130 F.R.D. at 50-51 (collecting cases).

---

[4] Indeed, Defendants still have not sought leave to amend.

Defendants' Notice of Removal is deficient.  First, the Defendants allege that the Court has federal question jurisdiction over the lawsuit, which is incorrect as described above.  Doc. No. 1 ¶ 7.  Second, the Defendants allege that the Court has diversity jurisdiction "because there is complete diversity of citizenship between Plaintiff and all defendants."  *Id.* ¶ 8.  The Notice, however, fails to identify and state the citizenship of the partners or members of Defendants Accretive LLC, Agora Fund I, LLC, Agora Fund I, LP, Agora Fund I Coinvestment Partners, LLC, Agora Fund I Holding Partners, or Axiant LLC.   Although the Notice of Removal alleges the state in which these entities were formed and further alleges that they do not maintain a principal place of business in Maryland, none of these Defendants is a corporation, and the residency of the individual members of the partnerships and limited liability companies has not been alleged.

Therefore, Defendants have failed to adequately demonstrate the existence of diversity of citizenship between Mann Bracken and the Defendants that comprise the partners and members of the various limited liability companies and limited liability partnerships.  The Defendants have thus failed to satisfy their burden "of establishing federal jurisdiction" and because "federal jurisdiction is doubtful, a remand is necessary."  *See Stephens*, 807 F. Supp. 2d at 378.[5]

---

[5]     Defendants' argument that the consolidation of the two cases is akin to fraudulent misjoinder is unpersuasive.  *See* Doc. No. 31 at 23-27.   Fraudulent misjoinder "is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal."  *Stephens*, 807 F. Supp. 2d at 379 (quotation omitted).  Courts apply the doctrine of fraudulent misjoinder "[i]n the context of diversity jurisdiction" where a party seeks "the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action. A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."  *Id.* (quotation omitted).

Defendants' fraudulent misjoinder claims fail for two reasons.  First, the case law that discusses fraudulent misjoinder arises in the context of diversity jurisdiction where a party is added to destroy complete diversity. Defendants do not cite, and this Court cannot find, a case that applies the fraudulent misjoinder doctrine to the destruction of federal question jurisdiction.  Second, this action involves the consolidation of two actions by order of a judge, not the joinder of parties by another party.  The entry of a court order diminishes the concern that a party fraudulently added a party to defeat jurisdiction.

## IV.    Conclusion

For the forgoing reasons, this Court will, by separate Order, grant Mann Bracken's motion to remand this case to the Circuit Court for Montgomery County and will remand Defendants' motions to dismiss to the Circuit Court for Montgomery County for decision by that court.[6]


<u>July 13, 2012</u>                          <u>            /s/            </u>
Date                                    Roger W. Titus
                                        United States District Judge

---

[6] Mann Bracken petitioned this Court for an award of fees related to its motion to remand.  Under 28 U.S.C. § 1447(c), an award of fees is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005).  Here, the Defendants had an objectively reasonable basis for removing the action and Mann Bracken's request will be denied.